# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

DANIEL E. HAMPTON,

       Petitioner,

vs.                              Case No.:    3:13-cv-1432-J-34JRK
                                                      3:10-cr-67-J-34JRK

UNITED STATES OF AMERICA,

       Respondent.

_____/

## <u>ORDER</u>

This case is before the Court on Petitioner Daniel E. Hampton's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 5, Amended Motion to Vacate).[1]   The United States filed a response (Doc. 11, Response), and Hampton filed a reply (Doc. 12, Reply).   The Amended Motion to Vacate is ripe for a decision.   Hampton raises four grounds, all based on the allegation that a grand jury did not return the Superseding Indictment under which he was convicted (<u>see</u> Crim. Doc. 78, Superseding Indictment), and therefore that his conviction and sentence is illegal.

Pursuant to 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings[2], the Court has considered the need for an evidentiary hearing and determines that an evidentiary hearing is not necessary to resolve the merits of this action.

---

[1]      Citations to the record in the underlying criminal case, <u>United States of America vs. Daniel E. Hampton</u>, Case No. 3:10-cr-67-J-34JRK, will be denoted as "Crim. Doc. __."  Citations to the record in the civil § 2255 case, Case No. 3:13-cv-1432-J-34JRK, will be denoted as "Doc. __."

[2]      Rule 8(a) of the Rules Governing Section 2255 Proceedings expressly requires the Court to review the record, including any transcripts and submitted materials, to determine whether an evidentiary hearing is warranted before deciding on a § 2255 motion.

See Aron v. United States, 291 F.3d 708, 714–15 (11th Cir. 2002) (an evidentiary hearing on a § 2255 petition is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief); Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (concluding that a petitioner's ineffective assistance claim can be dismissed without an evidentiary hearing when the petitioner alleges facts that, even if true, would not entitle him to relief); Dickson v. Wainwright, 683 F.2d 348, 351 (11th Cir. 1982) ("On habeas a federal district court need not conduct an evidentiary hearing if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel."); Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007).[3]  For the reasons set forth below, Hampton's Amended Motion to Vacate is due to be denied.

## I.    Background

On March 10, 2010, a grand jury sitting in the Middle District of Florida returned a three-count indictment against Hampton.  (Crim. Doc. 13, Initial Indictment).  The Initial Indictment charged that, on or about March 2, 2010, Hampton: (1) possessed with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); (2) possessed a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and (3) possessed a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a).

---

[3]      Although the Court does not rely on unpublished opinions as precedent, they may be cited throughout this Order as persuasive authority on a particular point.  Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits the Court to cite to unpublished opinions that have been issued on or after January 1, 2007.  Fed. R. App. P. 32.1(a).

About eleven months later, on February 9, 2011, a grand jury returned a three-count Superseding Indictment.  The Superseding Indictment charged that, on or about March 2, 2010, Hampton: (1) possessed cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); (2) possessed a firearm in furtherance of a drug-trafficking crime; and (3) possessed a firearm as a convicted felon.   Superseding Indictment at 1-2.  The difference between the Initial Indictment and the Superseding Indictment is that the substance alleged in Count One changed from cocaine base to simple cocaine (see Crim. Doc. 157, Re-arraignment Transcript at 2) – a change that reduced Hampton's minimum and maximum sentences.  Whereas possession of 50 grams or more of cocaine base with intent to distribute would have carried a mandatory minimum sentence of 10 years in prison and a maximum sentence of life, see 21 U.S.C. § 841(b)(1)(A) (2009),[4] possession of less than 500 grams of cocaine with intent to distribute carries no mandatory minimum sentence and a maximum sentence of 20 years in prison, see 21 U.S.C. § 841(b)(1)(C) (2010).   The government explains that it superseded the indictment because "subsequent laboratory analysis of the cocaine could not confirm the substance as cocaine base."   Response at 4 (citing Presentence Investigation Report ["PSR"] at ¶ 13 n.1).

Hampton went to a jury trial, which lasted from March 7, 2011, to March 10, 2011.  At the end of the trial, the jury found Hampton guilty of all three offenses charged in the Superseding Indictment.  (Crim. Doc. 115, Jury Verdict).  The Court sentenced Hampton to a total term of imprisonment of 92 months, consisting of concurrent 32-month terms as

---

[4]     At the time Hampton was indicted, the Fair Sentencing Act, Pub. L.No. 111-220, 124 Stat. 2372 (Aug. 3, 2010), had not become law yet.  The Fair Sentencing Act increased the amount of cocaine base required to qualify for a sentence under 21 U.S.C. § 841(b)(1)(A) from 50 grams to 280 grams.

to Counts One and Three (possession of cocaine with intent to distribute and possession of a firearm by a convicted felon), and a mandatory minimum consecutive term of 60 months as to Count Two (possession of a firearm in furtherance of a drug trafficking crime).  (Crim. Doc. 132, Judgment).

Hampton filed a timely notice of appeal.  (See Crim. Doc. 133, Notice of Appeal).  On direct review, the Eleventh Circuit Court of Appeals affirmed Hampton's conviction and sentence.  (Crim. Doc. 183, USCA Opinion); United States v. Hampton, 484 F. App'x 363 (11th Cir. 2012).  The Supreme Court denied Hampton's petition for a writ of certiorari on November 26, 2012.  (Crim. Doc. 185, Notice of Denial of Writ of Certiorari).  Hampton timely filed the Amended Motion to Vacate less than a year later, on or about November 21, 2013.

## II.     Hampton's Amended Motion to Vacate

Hampton raises four grounds in his Amended Motion to Vacate, all of which revolve around the allegation that a grand jury did not return the Superseding Indictment, and therefore that the Court must have altered the Initial Indictment, rendering his conviction and sentence illegal.   In Ground One, Hampton vaguely alleges that counsel gave ineffective assistance in some way relating to the Superseding Indictment, presumably for not objecting that the Superseding Indictment was "null and void."  See Amended Motion to Vacate at 4.  In Ground Two, Hampton asserts that the Superseding Indictment was "null and [void]" because the Court "alter[ed] and changed" the Indictment without resubmitting it to a grand jury.  Id.  In Ground Three, Hampton contends that he suffered a miscarriage of justice because the jury convicted him of offenses charged in the allegedly invalid Superseding Indictment.  Id. at 4-5.  He also suggests that the Court

4

violated his freedom from double jeopardy, by allowing him to "be tried twice for the same offense...." Id. at 4.  Finally, in Ground Four, Hampton alleges "factual innocence" because he was convicted of offenses charged in the allegedly invalid Superseding Indictment. Id. at 5.

## III.  Discussion

Pursuant to Title 28, United States Code, Section 2255, a person in federal custody may move to vacate, set aside, or correct his sentence.  Section 2255 permits such collateral challenges on four specific grounds: (1) the imposed sentence was in violation of the Constitution or laws of the United States; (2) the court did not have jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack.  28 U.S.C §2255(a) (2008).  Only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack.  United States v. Addonizio, 442 U.S. 178, 184-86 (1979).  A petitioner's challenge to his sentence based on a Sixth Amendment claim of ineffective assistance of counsel is normally considered in a collateral attack.  United States v. Teague, 953 F.2d 1525, 1534 n. 11 (11th Cir. 1992).

As with any Sixth Amendment ineffective assistance of counsel claim, a § 2255 petitioner must demonstrate both: (1) that his counsel's conduct amounted to constitutionally deficient performance, and (2) that his counsel's deficient performance sufficiently prejudiced his defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984); Weeks v. Jones, 26 F.3d 1030, 1036 (11th Cir. 1994).  In determining whether the petitioner has satisfied the first requirement, i.e. that counsel performed deficiently, the

Court adheres to the standard of reasonably effective assistance.  Weeks, 26 F.3d at 1036.   The petitioner must show, in light of all the circumstances, that counsel's performance fell outside the "wide range of professionally competent assistance."  Id.  To satisfy the second requirement, that counsel's deficient performance prejudiced the defendant, the petitioner must show that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different.  Id. at 1036-37 (citing Strickland, 466 U.S. at 694).  In determining whether a petitioner has met the two prongs of deficient performance and prejudice, the Court considers the totality of the evidence.  Strickland, 466 U.S. at 695.  However, because both prongs are necessary, "there is no reason for a court… to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one."  Id. at 697; see also Wellington v. Moore, 314 F.3d 1256, 1261 n. 1 (11th Cir. 2002) ("We need not discuss the performance deficiency component of [petitioner's] ineffective assistance claim because failure to satisfy the prejudice component is dispositive.").

"The Fifth Amendment provides that federal prosecutions for capital or otherwise infamous crimes must be instituted by presentments or indictments of grand juries." Costello v. United States, 350 U.S. 359, 361-62 (1956); U.S. Const. amend. V. Interpreting the Fifth Amendment, the Supreme Court has held that "'a court cannot permit a defendant to be tried on charges that are not made in the indictment against him.'" United States v. Madden, 733 F.3d 1314, 1317-18 (11th Cir. 2013) (quoting Stirone v. United States, 361 U.S. 212, 217 (1960)).  As such, a "district court may not constructively amend the indictment."  Id. at 1318 (citing Stirone, 361 U.S. at 215-16).   A court

constructively amends the indictment "when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment."  United States v. Keller, 916 F.2d 628, 634 (11th Cir. 1990).  However,

> [t]he constitutional right to be charged by a grand jury is a personal right of the defendant and does not go to the district court's subject matter jurisdiction because it may be waived.  Thus, the constitutional right to be charged by grand jury indictment simply does not fit the mold of a jurisdictional defect, because it is a right that plainly may be waived.

McCoy v. United States, 266 F.3d 1245, 1249 (11th Cir. 2001) (internal citation omitted).

## A. Ground One:  Ineffective Assistance of Counsel

In Ground One, Hampton alleges that counsel gave ineffective assistance, apparently for failing to object that the Superseding Indictment was invalid for not having been returned by a grand jury.  See Amended Motion to Vacate at 4.  This claim lacks merit because the record reflects that a grand jury did return the Superseding Indictment.  See generally, Superseding Indictment.  Indeed, the Superseding Indictment bears the signature of the grand jury's foreperson, two Assistant United States Attorneys, and a clerk of the court.  Superseding Indictment at 5-6.  Moreover, both the face of the Superseding Indictment and the last page reflect that it was returned in open court on February 9, 2011.  Id. at 1, 6.  All of this demonstrates that a grand jury returned the charges, consistent with the Fifth Amendment's Grand Jury Clause and Rule 6(f) of the Federal Rules of Criminal Procedure.

The government may validly seek a superseding indictment at any time before trial, so long as the prosecutor's purpose is not to harass the defendant.  United States v. Barner, 441 F.3d 1310, 1315 (11th Cir. 2006) (citations omitted).  Hampton has not

suggested that harassment motivated the government's decision to supersede the Indictment.   Rather, the undisputed record reflects that the government sought the Superseding Indictment because "laboratory analysis of the cocaine could not confirm the substance as cocaine base."   Response at 4 (citing PSR at ¶ 13 n.1).   Notably, by changing the charged offense in the indictment, the government reduced the severity of Hampton's potential sentence.[5]   Thus, the record established that in this case, the government did no more than obtain a valid superseding indictment, which reduced one of the charges against Hampton to reflect only what the government believed it had the evidence to prove.

Based on the foregoing, counsel had no basis for objecting to the Superseding Indictment as "null and void."   Trial counsel has no duty to raise a meritless argument. See Brownlee v. Haley, 306 F.3d 1043, 1066 (11th Cir. 2002) ("Counsel was not ineffective for failing to raise these issues because they clearly lack merit…."); Meeks v. Moore, 216 F.3d 951, 968 (11th Cir. 2000) (affirming district court's decision that counsel has no duty to bring forth non-meritorious motions); Ladd v. Jones, 864 F.2d 108, 110 (11th Cir.1989) ("[S]ince these claims were meritless, it was clearly not ineffective for counsel not to pursue them.").   Because a court cannot judge counsel ineffective for not raising a meritless argument, relief on Ground One is due to be denied.

---

[5]    By changing the controlled substance alleged in Count One from cocaine base to simple cocaine, compare Initial Indictment at 1 with Superseding Indictment at 1, the Superseding Indictment reduced Hampton's maximum potential sentence and eliminated a mandatory minimum sentence with respect to the drug charge, compare 21 U.S.C. § 841(b)(1)(A) with 21 U.S.C. § 841(b)(1)(C).

**B. Grounds Two, Three, and Four**

In Grounds Two, Three, and Four, Hampton alleges, respectively, that the Superseding Indictment was invalid because a grand jury did not return it; that Hampton suffered a miscarriage of justice because he was convicted of charges contained in the supposedly invalid Superseding Indictment; and that Hampton is factually innocent because the Superseding Indictment was invalid.[6]   Like Ground One, these claims revolve around the premise that the Superseding Indictment was "null and void" because a grand jury did not return it.   For the reasons stated under Ground One, however, this basic premise lacks merit, and as such, relief as to Grounds Two, Three, and Four is due to be denied.[7]   The Superseding Indictment was valid because a grand jury returned it, consistent with the Fifth Amendment's Grand Jury Clause and Rule 6, and there is no indication that the prosecutor had an improper motive for seeking to supersede the indictment.   Additionally, Hampton was re-arraigned on the Superseding Indictment in advance of trial, ensuring that he received notice of the charges.   (See Crim. Doc. 80, Minute Entry for Re-arraingment); see also Re-arraignment Transcript at 5-13.

---

[6]     Hampton failed to raise any objection concerning the validity of the Superseding Indictment before this Court or on direct appeal.  As such, these claims have been procedurally defaulted.  See McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011); Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004).  However, because the government did not raise the issue of procedural default, and the Court considers it equally straightforward to address the merits, the Court disposes of these claims on the merits.

[7]     Moreover, a defective indictment is not a basis for an actual innocence claim.  Justo v. Culliver, 317 F. App'x 878, 880-81 (11th Cir. 2008).  "First and most importantly…actual innocence means factual innocence, not mere legal insufficiency."  McKay, 657 F.3d at 1197 (quoting Bousley v. United States, 523 U.S. 614, 623 (1998)) (internal quotation marks omitted) (emphasis in original).  A defect in the indictment does not bear on a defendant's factual guilt or innocence.

Hampton suggests that the Superseding Indictment violated his freedom from Double Jeopardy by causing him to "be tried twice for the same offense…." See Amended Motion to Vacate at 4; see also Reply at 2.  This claim also fails.  "The central purpose of the Double Jeopardy Clause [is] to protect against vexatious multiple prosecutions…." United States v. Dixon, 509 U.S. 688, 735 (1993) (White, J., concurring in part, dissenting in part) (citations omitted).  See also United States v. Therve, 764 F.3d 1293, 1298 (11th Cir. 2014) ("The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from being subjected to multiple prosecutions for the same offense."). However, "[t]here are few if any rules of criminal procedure clearer than the rule that 'jeopardy attaches when the jury is empaneled and sworn.'" Martinez v. Illinois, 134 S. Ct. 2070, 2074 (2014) (quoting Crist v. Bretz, 437 U.S. 28, 35 (1978)).   Here, the prosecution superseded the indictment before a jury had even been selected.  Compare Superseding Indictment (entered February 9, 2011) with Crim. Doc. 167, Trial Transcript Vol. I (reflecting that jury selection began March 7, 2011).[8]  Because the Court had not empaneled a jury when the government obtained the Superseding Indictment, Hampton's freedom from Double Jeopardy was not implicated.  See Martinez, 134 S. Ct. at 2074.

To the extent Hampton suggests that the Superseding Indictment violated the Double Jeopardy Clause because he thinks he was simultaneously prosecuted for both the charges in the Initial Indictment and the charges in the Superseding Indictment, he is also mistaken.  The trial against Hampton proceeded only on the charges set forth in the Superseding Indictment.  See Trial Tr. Vol. I at 92-94 (Court advising the jury of the charges).  The jury received instructions only on the charges alleged in the Superseding

---

[8]     Additionally, Petitioner was re-arraigned under the Superseding Indictment on February 16, 2011.  See Re-Arraignment Transcript at 5-13.

Indictment (see Crim. Doc. 112, Jury Instructions at 10-12); the jury convicted Hampton only of the charges alleged in the Superseding Indictment, see generally, Jury Verdict; and the Court sentenced Hampton only on the charges for which the jury found him guilty, see Judgment at 1-2.  Following the entry of judgment, the government moved to dismiss the Initial Indictment based on the Superseding Indictment and Hampton's conviction thereunder.  (Crim. Doc. 135, Motion to Dismiss Indictment).  In short, Hampton was tried, convicted, and sentenced only once – for the charges set forth in the Superseding Indictment.  Because Hampton was prosecuted and punished only once, his freedom from Double Jeopardy was not infringed.

In his Reply, Hampton argues that the Court also lacked jurisdiction to convict and sentence him because of supposed defects in the Superseding Indictment.  See Reply at 2.  This argument fails because all an indictment must do to invoke a federal court's subject matter jurisdiction is to "charge[ ] the defendant with violating a valid federal statute as enacted in the United States Code."  United States v. Brown, 752 F.3d 1344, 1354 (11th Cir. 2014) (citing Alikhani v. United States, 200 F.3d 732, 734-35 (11th Cir. 2000)).  The Superseding Indictment accomplished that, by alleging that Hampton violated 21 U.S.C. § 841(a)(1) for possessing cocaine with intent to distribute, violating 18 U.S.C. § 924(c)(1)(A) for possessing a firearm in furtherance of a drug trafficking crime, and violating 18 U.S.C. § 922(g)(1) for possessing a firearm as a convicted felon.  Thus, the Superseding Indictment did all that was necessary to invoke the federal court's subject matter jurisdiction.  See Brown, 752 F.3d at 1349-50, 1353-54.  Other defects in the Superseding Indictment, if any, were non-jurisdictional in nature.  See, e.g., United States v. Cotton, 535 U.S. 625, 627-31 (2002) (indictment's failure to allege a drug quantity,

which was an element of the offense, was a defect that did not deprive the district court of jurisdiction); Brown, 752 F.3d at 1349-50, 1353-54 (indictment's failure to allege mens rea, which was an element of the offense, was a non-jurisdictional defect); McCoy, 266 F.3d at 1249 ("The constitutional right to be charged by a grand jury is a personal right of the defendant and does not go to the district court's subject matter jurisdiction because it may be waived."); United States v. Duval, 604 F. App'x 910, 910-11 (11th Cir. 2015) (citations omitted) (absence of foreperson's signature on the indictment would be "a mere technical irregularity," as well as a waivable, non-jurisdictional defect).  Hampton has not identified any defect in the Superseding Indictment, let alone a jurisdictional one. Accordingly, Hampton's argument that the Superseding Indictment was jurisdictionally defective does not merit relief.

For all of the foregoing reasons, the Amended Motion to Vacate is due to be denied.

## IV.    Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Hampton seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Hampton "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v.

Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

As such, and in accordance with the Rules Governing Section 2255 Cases in the United States District Courts, it is hereby

**ORDERED**:

1.  Petitioner Daniel E. Hampton's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 5, Amended Motion to Vacate) is **DENIED**.

2.  The Clerk shall enter judgment in favor of the United States and against Daniel E. Hampton, and close the file.

3.  If Hampton appeals the denial of the petition, the Court denies a certificate of appealability.  Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed

in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 19th day of October, 2016.

MARCIA MORALES HOWARD
United States District Judge

Lc19

Copies:

Counsel of Record
Pro se party